KWANG S. TABBAL, BENJAMIN TABBAL AND MAHALO REALTY, INC., Plaintiffs-Appellees,
v.
ESTHER M. JUN, JOSHUA JUN AND ALAM CORPORATION, Defendants-Appellants
No. 28537
Intermediate Court of Appeals of Hawaii.
October 2, 2008.
On the briefs:
Keith M. Kiuchi, (Kiuchi & Nakamoto), for Defendants-Appellants.
F. Steven Pang, John Winnicki, (Deeley, King & Pang), for Plaintiffs-Appellees.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and NAKAMURA, JJ.
Defendants-Appellants Esther M. Jun (Mrs. Jun), Joshua Jun (Mr. Jun), and Alam Corporation (collectively, Defendants) appeal from the Judgment filed on April 10, 2007 in the District Court of the First Circuit, Honolulu Division (district court).[1] The district court entered judgment in favor of Plaintiffs-Appellees Kwang S. Tabbal (Mrs. Tabbal), Benjamin Tabbal, and Mahalo Realty, Inc. (collectively, Plaintiffs) and against Defendants, jointly and severally, in the amount of $16,115.61, with interest to accrue daily at the legal rate from the date of entry of the Judgment until it is paid in full.
On appeal, Defendants contend
(1) the district court's Findings of Fact (FOFs) 7, 8 and 12 were erroneous because the weight of evidence shows that the commission percentage was blank when Mr. and Mrs. Jun (the Juns) signed the Listing and Purchase Agreements;
(2) the district court's Conclusions of Law (COLs) 2 and 3 were wrong because the weight of evidence shows that Defendants never agreed to a 10% broker's commission; and
(3) the district court erred in denying Defendants' oral motion to dismiss the complaint against the Juns in their individual capacities because the property at issue was owned by Alam Corporation.
Defendants request that we reverse the district court's decision with respect to FOFs 7, 8 and 12 and COLs 2 and 3, vacate the Judgment, and remand for proceedings in favor of Defendants. Defendants also request that in the event we hold that the district court did not err in its FOFs or COLs, we reverse the district court's decision with respect to the allegations against the Juns set forth in the Complaint, vacate the judgment, and remand for dismissal.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Defendants' points of error as follows:
(1) The district court's FOFs 7, 8, and 12 were not clearly erroneous. As the trier of fact, it was for the district court to assess the credibility of witnesses and to accept or reject the testimony of the witnesses in whole or in part. Porter v. Hu, 116 Hawaii 42, 59-60, 169 P.3d 994, 1011-12 (App. 2007), cert. rejected, 117 Hawaii 321, 179 P.3d 263 (2008). Thus the district court, as trier of fact, "may draw all reasonable and legitimate inferences and deductions from the evidence adduced, and findings of the trial court will not be disturbed unless clearly erroneous." State v. Batson, 73 Haw. 236, 245-46, 831 P.2d 924, 930 (1992) (internal quotation marks and citation omitted). In this case, the district court considered the quality and probative values of the conflicting testimonies of Mrs. Tabbal and the Juns. It is apparent that the district court found Mrs. Tabbal's testimony more credible than the contrary assertions of the Juns. Where the district court's findings are indeed supported by the record, we hold that the district court's determinations were not clearly erroneous. Porter, 116 Hawai`i at 60, 169 P.3d at 1012 ("An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence, because this is the province of the trial judge."); State v. Mitchell, 94 Hawaii 388, 393, 15 P.3d 314, 319 (App. 2000) ("The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence.").
(2) The district court's COLs 2 and 3 were not wrong. The relevant rule of law is the "elementary rule of contract law that there must be a meeting of the minds on all essential elements or terms in order to create a binding contract." Moss v. Am. Int'l Adjustment Co., 86 Hawai`i 59, 63, 947 P.2d 371, 375 (1997) (internal quotation marks and citation omitted). The "essential element" at issue here is the percentage of the broker's commission. The district court properly found that the 1096 broker's commission was filled in at the time that the Juns signed the Listing Agreement. Defendants' act of signing the Listing Agreement, therefore, demonstrated not only their assent to that essential term, but also a meeting of the minds to create a binding contract. Where the district court's COLs are sufficiently supported by the FOFs and reflect an application of the correct rule of law, we do not overturn its conclusions. Chun v. Bd. of Trustees of the Employees' Ret. Sys. of the State Hawai`i, 106 Hawaii 416, 430, 106 P.3d 339, 353 (2005).
(3) The district court did not err in denying Defendants' oral motion to dismiss the complaint against the Juns in their individual capacities. The record on appeal clearly establishes that both the Listing and Purchase Agreements were signed individually by the Juns with no mention of Alam Corporation in either document.
Therefore,
The Judgment filed on April 10, 2007 in the District Court of the First Circuit, Honolulu Division, is affirmed.
NOTES
[1] The Honorable Christopher P. McKenzie issued the Judgment.